IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jermaine Thomas Mouzon,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim. No. 4:12-cr-00360-TLW-1<br>C/A No. 4:16-cv-01734-TLW<br><br>**Order** |

Petitioner Jermaine Thomas Mouzon pled guilty to being a felon in possession of a firearm and ammunition, and he was sentenced to 75 months imprisonment. ECF No. 47. His base offense level was 24 in light of his prior convictions for Attempted Armed Robbery and Attempted Robbery. PSR ¶¶ 18, 19, 29. In his § 2255 petition, he asserts that he should be resentenced because these convictions fail to qualify as crimes of violence in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). He asserts that *Johnson*, which invalidated the Armed Career Criminal Act's residual clause as unconstitutionally vague, also applies to invalidate the residual clause in the guideline defining a crime of violence, formerly found at § 4B1.2(a)(2),[1] and that these convictions are not crimes of violence under the force clause.[2]

The Supreme Court and Fourth Circuit have now foreclosed Petitioner's argument, having

---

[1] After the *Johnson* decision, the guideline defining a crime of violence was revised and the residual clause was deleted. *See* U.S. Sentencing Guidelines Manual § 4B1.2(a)(2) (U.S. Sentencing Comm'n 2016).

[2] Petitioner was not that specific in his petition, but the Court has liberally construed his petition in his favor. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).

1

held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness," *Beckles v. United States*, 137 S. Ct. 886, 895 (2017), and that South Carolina robbery is a crime of violence, *United States v. Doctor*, 842 F.3d 306, 312 (4th Cir. 2016).[3] *See also United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (concluding that an erroneous application of the sentencing guidelines, including a career offender designation, is not cognizable on collateral review pursuant to § 2255). Accordingly, Petitioner's petition for relief pursuant to § 2255, ECF No. 50, is **DENIED**. This action is hereby **DISMISSED**.[4]

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing in light of *Beckles*, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

---

[3] The fact that he was convicted of attempted robberies is irrelevant, as Application Note 1 to § 4B1.2 provides that the definition of crime of violence includes attempting to commit such offenses.

[4] The Court did not require the Government to file a post-*Beckles* or post-*Doctor* response in this case because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief . . . ." 28 U.S.C. § 2255(b). However, the Court notes that the Government filed a response in a similar § 2255 case, asserting that the petition challenging a career offender designation should be denied in light of *Beckles*. *See Swinton v. United States*, No. 4:08-cr-00368-TLW-1, ECF No. 356.

**IT IS SO ORDERED**.

                                         *s/ Terry L. Wooten*
                                         Terry L. Wooten
                                         Chief United States District Judge

May 9, 2017
Columbia, South Carolina